# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 24, 2012

## STATE OF TENNESSEE v. JOSHUA DANIEL BROOKSHIRE

**Direct Appeal from the Criminal Court of Hamilton County**
**Nos. 276166, 276177-79, 276471      Rebecca J. Stern, Judge**

**No. E2011-01658-CCA-R3-CD - Filed February 28, 2012**

Joshua Daniel Brookshire ("the Defendant") pled guilty to five counts of burglary of an automobile and entered nolo contendere pleas to two additional counts of burglary of an automobile. The trial court sentenced the Defendant as a Range I offender to concurrent terms of two years to serve in the Tennessee Department of Correction on each of the seven counts. The Defendant then reached his determinate release date and was released onto supervised probation. Subsequently, a probation revocation warrant was issued alleging that the Defendant had violated his probation by committing new driving offenses, changing residences without informing his probation officer, failing to report, failing to obtain permission to leave his county of residence, and failing to pay his probation fees. The Defendant was taken into custody, and the trial court later conducted a revocation hearing. At the conclusion of the hearing, the trial court revoked the Defendant's probation and ordered him to serve his remaining sentence in confinement. The Defendant has appealed the trial court's ruling. Upon our careful review of the record, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed; Remanded**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Ardena J. Garth, District Public Defender; Richard Kenneth Mabee, Assistant District Public Defender (on appeal); and Blake Murchison, Assistant District Public Defender (at trial), Chattanooga, Tennessee, for the appellant, Joshua Daniel Brookshire.

Robert E. Cooper, Jr., Attorney General & Reporter; Leslie E. Price, Assistant Attorney General; Bill Cox, District Attorney General; Brian Finlay, Assistant District Attorney General; for the appellee, State of Tennessee.

## OPINION

## Factual and Procedural Background

On September 2, 2010, the Defendant pled guilty to five counts of burglary of an automobile. On the same day, he pled nolo contendere to two additional counts of burglary of an automobile. In accordance with the terms of the plea agreement, the trial court sentenced the Defendant as a Range I offender to two years on each conviction, to be served concurrently in the Tennessee Department of Correction. The Defendant later reached his determinate release date and was released onto supervised probation in November or December 2010.[1] See Tenn. Code Ann. § 40-35-501(a)(3) (2010).

On May 16, 2011, the State of Tennessee Board of Probation and Parole filed a probation violation report alleging that the Defendant had absconded and had been arrested for driving offenses and for failure to appear.[2] The Defendant was taken into custody. At the probation revocation hearing held on August 1, 2011, the trial court heard the following proof.

Yukiko Howard testified that she was a probation officer with the Tennessee Board of Probation and Parole. She handled the paperwork effectuating the transfer of the Defendant's probation from Tennessee to Catoosa County, Georgia. After his transfer, the Defendant failed to report to his Georgia probation officer. Additionally, he was arrested on driving charges in Hamilton County, Tennessee. Moreover, his presence in Tennessee meant that "he was out of his jurisdiction without permission." In addition to the driving charges, the Defendant also had been charged with two counts of failure to appear. Howard subsequently filed the probation revocation warrant based on these developments.

On cross-examination, Howard acknowledged that the charges on the driving offenses had been dismissed. She also clarified that the Defendant had failed to report to his Georgia probation officer on March 16, 2011. The Defendant had reported to his Tennessee probation officer prior to his transfer.

---

[1] The probation violation report indicates that the Defendant's "date of probation" was November 18, 2010. Testimony at the revocation hearing indicated that he was placed on probation in December 2010.

[2] Specifically, the warrant alleged that the Defendant had been charged with driving on a revoked license, a registration violation, a seat belt violation, and two counts of failure to appear. The driving charges were subsequently dismissed. Additional allegations included changing residences without informing his probation officer, failing to report, failing to obtain permission to leave his county of residence, and failing to pay his probation fees.

The Defendant testified that he was living with his wife and child in Catoosa County, Georgia, at the time the probation violation warrant was filed. According to the Defendant, he reported to the Georgia probation office in December 2010 and January 2011, but "never [met] a probation officer." He explained that the office told him they would contact him about when and to whom to report, but never did. He testified that he was not aware that he was supposed to report on March 16, 2011.

The Defendant acknowledged that he had pled guilty to two charges of failure to appear and was serving the resulting jail sentence. His "out date" on the jail sentence was August 10, 2011. He acknowledged that he had violated his probation. He asked to have his probation reinstated so he "could get on with [his] life." He added that he would be able to return to his welding job "on East 12th Street" if he were released from jail.

On cross-examination, the Defendant acknowledged that a probation officer in Catoosa County had called his wife after he failed to report on March 16, 2011, and that his wife told the officer that she had "kicked" the Defendant out of their house. He stated that he and his wife were both evicted from the house they had been living in. He also explained that he had pending a credit card fraud charge.

After considering this proof, the trial court ruled as follows:

> I find that [the Defendant] violated probation by absconding, getting two convictions for failure to appear, and also apparently working in Hamilton County and getting arrested in Hamilton County outside his supervised jurisdiction. The petition to revoke is sustained. His sentences are ordered into execution. He'll be given credit for time served.

This appeal followed.

## Analysis

The Defendant was placed on probation pursuant to Tennessee Code Annotated section 40-35-501(a)(3), which provides that, "[n]otwithstanding any other provision of law, inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date." Tenn. Code Ann. § 40-35-501(a)(3) (2010). This form of release is known as "determinate release." State v. Laurie Zimmerman, No. 01-C-01-9302-CC-00044, 1993 WL 311534, at *4 (Tenn. Crim. App. Aug. 12, 1993). "Suspension of sentence in this manner shall be to probation supervision under terms and conditions established by the [D]epartment [of Correction]." Tenn. Code Ann. § 40-35-501(a)(5). Upon a defendant violating the terms of his or her

probation, the sentencing court "is authorized to revoke probation pursuant to the revocation proceedings of [section] 40-35-311." Id. § 40-35-501(a)(7)(A).

Tennessee Code Annotated section 40-35-311 provides that, upon a probation revocation proceeding, the court "may enter judgment upon the question of the charges as the trial judge may deem right and proper under the evidence adduced before the trial judge." Tenn. Code Ann. § 40-35-311(d) (2010). And,

> [i]f the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence, and:
>
> (A) Cause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with [section] 40-35-310; or
>
> (B) resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of probation and suspension is a technical one and does not involve the commission of a new offense.

Id. § 40-35-311(e)(1). See also State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Thus, the State need prove that the defendant violated the terms of his or her probation by only a preponderance of the evidence. In this regard, "[t]he trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him [or her] to make an intelligent decision." State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). See also State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) ("The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment.") (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).[3]

_____

[3] In Harkins, our Supreme Court stated that, "[i]n order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." 811 S.W.2d at 82. However, a recent panel of this court pointed out that "the statute governing probation revocation in effect at the time of . . . Harkins . . . contained no specific burden of proof to be met before the trial court could revoke probation." State v. James Edward Farrar, Jr., No. M2011-00838-CCA-RM-CD, 2011 WL 2582963, at *3 (Tenn. Crim. App. June 30, 2011), perm. app. denied (Tenn. Oct. 18, 2011). As the Farrar court noted, our statutes now permit the trial court to revoke probation upon finding by a preponderance of the evidence that the defendant has violated the terms of his or her

(continued...)

On appeal, we will not disturb the trial court's decision to revoke probation absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); see also State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). We will grant relief only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" Shaffer, 45 S.W.3d at 555 (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

We see no abuse of discretion under the proof adduced in this case. The trial court revoked the Defendant's probation upon its finding that the proof established that he had absconded[4] and been convicted of two new offenses. The proof is more than sufficient to support the trial court's conclusion. The proof established that the Defendant had been located – and arrested – in Hamilton County after his probation had been transferred to a different county in a different state. The Defendant also admitted that he had failed to report to his Georgia probation officer. Additionally, the Defendant admitted to having pled guilty to two charges of failing to appear. Therefore, the trial court acted within its discretion in revoking the Defendant's probation and ordering him to serve the remainder of his sentences in confinement.

The Defendant argues that the trial court abused its discretion "in simply revoking probation without considering alternatives such as Intensive Probation, extended probation or Community Corrections" and because the judge "made no finding of fact that she had considered alternatives such as previously mentioned." The Defendant cites the recent cases from this court of State v. Tiffany Nicole Nance, No. E2011-00492-CCA-R3-CD, 2011 WL 4995234 (Tenn. Crim. App. Oct. 20, 2011), and State v. Arthur Donahue, No. E2011-00208-CCA-R3-CD, 2011 WL 4618093 (Tenn. Crim. App. Oct. 6, 2011), in support of this argument. We do not read those cases as in any way establishing such a requirement on the trial court. Rather, these opinions simply discuss the options a trial court has when it revokes a defendant's probation.

---

[3](...continued)
probation. Therefore, we join the Farrar panel in "question[ing] whether the 'no substantial evidence' language of Harkins remains applicable to the determination whether the trial court abused its discretion when revoking probation." James Edward Farrar, Jr., 2011 WL 2582963, at *3.

[4] This Court previously recognized the definition of "abscond" as "[t]o go in a clandestine manner out of the jurisdiction of the courts, or to lie concealed, in order to avoid their process. To hide, conceal, or absent oneself clandestinely, with the intent to avoid legal process." State v. Timothy Wakefield, No. W2003-00892-CCA-R3-CD, 2003 WL 22848965, at *1 (Tenn. Crim. App. Nov. 25, 2003) (quoting Black's Law Dictionary 8 (6th ed. 1990)).

Moreover, we are unaware of any requirement from any other authority that the trial court make findings that it considered such alternatives prior to revoking probation and ordering that the defendant serve the remainder of his or her original sentence in confinement. Cf. State v. George Vincent Ware, No. E2010-00141-CCA-R3-CD, 2010 WL 3448057, at *3 (Tenn. Crim. App. Sept. 1, 2010), perm. app. denied (Tenn. Jan. 12, 2011) (noting, in response to the defendant's contention that the trial court should have considered other sentencing options prior to revoking probation, that "[n]o such requirement exists"). We decline to impose, sua sponte, such an additional burden on trial courts considering whether to revoke probation.

## Conclusion

The trial court did not abuse its discretion in revoking the Defendant's probation and ordering him to serve the remainder of his sentences in confinement. Accordingly, the judgment of the trial court is affirmed. We note, however, that the amended judgment order on case number 276177 indicates that the Defendant pled guilty to this charge. The petition to enter plea of guilty and nolo contendere and the original judgment order indicate that the Defendant pled nolo contendere to this charge. Therefore, we remand this matter to the trial court for correction of the amended judgment order entered in case number 276177.

_____
JEFFREY S. BIVINS, JUDGE

-6-